# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES E. KELLUM, SR.,

        Plaintiff,    :    Case No. 3:14-cv-357

                              District Judge Thomas M. Rose
- vs -                    Magistrate Judge Michael R. Merz

STANDARD REGISTER CO.,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

    Plaintiff Charles E. Kellum, Sr., brought this action *pro se* to recover for injuries he suffered at the Standard Register Company. He alleges in his Complaint that his foreman ordered him to adjust a moveable blade on a shredder in a particular way and it ended up injuring his wrist (Complaint, Doc. No. 1, PageID 14.) He seeks compensatory damages in the amount of $100 million dollars and unspecified punitive damages. *Id.* at PageID 15. Mr. Kellum filed suit October 19, 2014. *Id.*

    Standard Register has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12 on the grounds that Mr. Kellum has failed to state a claim upon which relief can be granted. It notes that if Mr. Kellum was an employee, his claim falls under the Ohio Workers Compensation statute (Motion, Doc. No. 4, PageID 19). On the other hand, if he was an employee of an

1

independent contractor, he has failed to join that entity as a party. *Id.* Finally, it notes that Mr. Kellum fails to state when his injury occurred. *Id.*

Mr. Kellum's response (captioned Plaintiff's Motion Not to Dismiss, Doc. No. 7) clears up some of the confusion. He clarifies that he was an employee of Standard Register at the time the injury occurred. *Id.* at PageID 24. He states he was injured on July 20, 1962, and gives more detail about how the injury occurred. He then was sent to the company doctor, Dr. Madden, who prescribed pain pills, wrapped the injured wrist in an ace bandage, and told him the company had some one-handed work he could do. *Id.* at PageID 25. As proof that he was injured on the job, he attaches two sheets he says were created by Standard Register and given to the newspaper after he picketed. PageID 26. The sheets in question show he was injured July 20, 1962, and an industrial claim (i.e. under Workers' Compensation – Workman's Compensation as it was then called) was filed (PageID 27)  In May 1963 he was laid off as part of a reduction in force. His grievance for that layoff was denied. *Id.* In July 1963 he filed for permanent partial disability, but the Industrial Commission denied that claim on Octobr 15, 1063. Two days later he picketed the company, blaming both Standard Register for the injury and his union, Local 768, for not protecting him. As a result of these actions, and entering the building and refusing to leave, he was discharged. *Id.*

Taking all of these facts, which have been pled by Mr. Kellum by attaching them to his pleadings, the Magistrate Judge concludes this case must be dismissed for failure to state a claim. At the time Mr. Kellum worked for Standard Register and was injured, it was the law in Ohio that workman's compensation was the sole remedy an injured employee had for workplace injuries. Section 35, Article II of the Ohio Constitution; Ohio Revised Code § 4123.74 and 4123.71. About twenty years later, the Ohio Supreme Court began to recognize an exception for

injuries to employees intentionally inflicted by the employer. *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 69 Ohio St. 2d 608 (1982). However, even assuming Mr. Kellum's Complaint can be read as alleging an intentional injury, the statute of limitations for intentional torts in Ohio is one year, and Mr. Kellum has filed more than fifty years after he was injured.

Because Mr. Kellum's Complaint was filed many years after the statute of limitations expired, it should be dismissed with prejudice.

December 3, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).